# IN THE COURT OF APPEALS OF IOWA

No. 15-2226
Filed October 12, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROOSEVELT SMITH, JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve,
Judge.

A defendant appeals his convictions.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant
Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Thomas E.
Bakke, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Roosevelt Smith Jr. appeals his convictions for driving while barred as a habitual offender, in violation of Iowa Code section 321.561 (2013), and driving while license revoked, in violation of Iowa Code section 321J.21, claiming there was insufficient evidence he was the driver of the vehicle. Smith asserts the district court erred in denying his motion for judgment of acquittal.

On December 23, 2014, a Davenport Police Department officer observed a silver Chrysler 300 traveling at a speed the officer estimated exceeded the limit.[1] The officer attempted to initiate a traffic stop, but the vehicle turned down a side street. The officer noticed the vehicle stopped and observed a male wearing a blue jacket and sweatpants exit the vehicle and flee. The officer pursued the male around the outside of a multi-unit apartment residence, but the male entered the residence and locked the door behind him.

Back-up officers quickly surrounded the residence. After receiving permission to enter the residence, the officers discovered Smith lying in bed in one of the apartments. Smith was the only male in the residence. A blue jacket and sweatpants, which the officer identified as the same items he saw the driver wearing, were on the floor next to the bed. Officers located half a broken key fob in the pocket of the jacket. The other half of the key fob was broken off in the ignition of the Chrysler 300. A dog tag with Smith's name on it was attached to the key fob. Additionally, mail addressed to Smith was located inside the vehicle.

On January 23, 2015, the State charged Smith by trial information with operating while intoxicated, third offense, driving while barred as a habitual

---

[1] The officer did not have his radar turned on.

offender, and driving while license revoked. Smith stipulated that his driving privileges had been revoked but claimed that he was not the driver of the vehicle. A jury acquitted Smith of operating while intoxicated, third offense, but found him guilty of driving while barred as a habitual offender and driving while license revoked. Smith appeals.

"A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law." *State v. Serrato*, 787 N.W.2d 462, 466 (Iowa 2010). The jury's verdict will not be disturbed if there was substantial evidence in the record to support it. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* Further, the jury is free to accept or reject whichever evidence it chooses. *Id.*

From the trial record, the jury could have concluded Smith was the driver of the vehicle. The jury could have reasonably based this conclusion on: the officer's testimony concerning the driver's clothing, his pursuit of the driver, and his identification of the clothing on the floor of the bedroom as the same the driver was wearing; the fact Smith was the only male located in the house; the fact the jacket and sweatpants were located in the same room as Smith; the fact half of the key fob was located in the jacket and the other half was located in the vehicle; the dog tag with Smith's name on it located with half of the key fob in the jacket; and Smith's mail located in the vehicle. Taken together, we conclude there was sufficient evidence in the record to support Smith's convictions, and the court correctly denied Smith's motion for judgment of acquittal.

Therefore, we affirm Smith's convictions.

**AFFIRMED.**